THE PEOPLE OF THE STATE OF NEW YORK ex rel. PEDRO LUIS GONZALEZ,
Appellant, v. WARDEN OF SUFFOLK COUNTY JAIL, Respondent.— In a habeas
corpus proceeding, the appeal is from a judgment of the Supreme Court, Suffolk
County, entered January 13, 1969, which dismissed the writ. Judgment affirmed,
without costs. No opinion. Rabin, Acting P. J., Hopkins and Martuscello, JJ.,
concur; Benjamin, J., dissents and votes to reverse the judgment and sustain
the writ to the extent of remanding relator to the care and custody of the
Narcotic Addiction Control Commission, with the following memorandum, in
which Kleinfeld, J., concurs: In July, 1968, pursuant to a habeas corpus writ
issued in Suffolk County (under Code Crim. Pro., § 298-b) relator was brought
to Suffolk County, from another county, for trial on a Suffolk County indict-
ment. On July 12, 1968 he withdrew his not guilty plea and pleaded guilty to
conspiracy involving narcotics, as a felony. Still unsentenced in Suffolk County,
he was transferred to Nassau County, there pleaded guilty to a Nassau County
indictment, and on September 20, 1968, was there certified a narcotic addict and
committed to the Narcotic Addiction Control Commission (hereinafter referred
to as the Commission). That commitment never went into effect because he was
then returned to Suffolk County, where he is now being held in the Suffolk
County Jail awaiting sentence on the afore-mentioned Suffolk County conviction.
On December 13, 1968 relator, acting *pro se*, obtained a writ of habeas corpus
in Suffolk County, and a hearing was held thereon on December 23, 1968. He
appeared at the hearing without counsel and informed the court that his attor-
ney could not be present because of the Christmas holiday. The court then had
a brief discussion with the assistant district attorney, commented that the
question involved was merely one of law (as to the court's power to release
relator to the Commission), and then reserved decision. There was no discussion
with relator and no questioning of him as to what treatment, if any, he was
receiving at the Suffolk County Jail for his narcotic addiction. A few days
after this "hearing", relator's habeas corpus application was dismissed; and
the appeal is from that dismissal. In my opinion, the writ should have been
sustained and relator should have been transferred to the custody of the Com-
mission, which was the relief he had sought by his habeas corpus application.
Subdivision 4 of section 208 of the Mental Hygiene Law provides that a com-
mitment to the Commission must start on the date of the certification — obviously
because prompt treatment is essential. In this case, the commitment never went
into effect, despite the clear mandate of that statute, as relator was promptly
sent back to Suffolk County, where he has since remained incarcerated—for
almost nine months—in the Suffolk County Jail, awaiting sentence on the
Suffolk County conviction. His detention there, without rehabilitation treat-
ment*, violates the letter and spirit of the Drug Addiction Law (Mental Hygiene
Law, art. 9) and thus is illegal. He therefore is entitled to the relief he seeks—
namely, his discharge from the Suffolk County Jail to the custody of the Com-
mission. This transfer of custody will not in any way frustrate or hamper
the Suffolk County authorities in their prosecution of the Suffolk County case
against relator, since he can be brought back to Suffolk County to be sentenced

---

* While the Suffolk County Jail has been designated a Medical Examination
Facility, pursuant to the Drug Addiction Law (Mental Hygiene Law, art. 9),
the addicts therein confined receive merely maintenance treatment, which is not
as extensive as the rehabilitation treatment they would receive at a Rehabilitation
Center.

(by another habeas corpus writ) when all parties are ready for sentencing. I might note at this point that any sentence in Suffolk County, other than a commitment to the Commission, would in this case seem to be inconsistent with the purposes and intent of the Drug Addiction Law and would thus, in my opinion, be an abuse of the court's discretionary power under subdivision 4 of section 208 of the Mental Hygiene Law. I might also note that, if relator were not entitled to his immediate transfer to the Commission, he would at least be entitled to a new hearing on his habeas corpus application, since the perfunctory "hearing" accorded him, without counsel, was patently inadequate to meet the requirements of due process.